IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CHARLES BELIM                          *
                                       *
        v                              *       Civil No.      AW-10-2409
                                       *       Criminal No.   AW-09-0059
                                       *
UNITED STATES OF AMERICA               ******

**MEMORANDUM OPINION**

I.

        Before the Court is a Motion by the Petitioner/Defendant, Charles Belim,  pursuant to

28 U.S.C ' 2255 To Vacate, Set Aside or Correct Sentence.  In his Motion, Petitioner alleges

that his conviction should be vacated because of: (1) ineffective assistance of counsel on account

of counsel not filing an appeal despite Petitioner having requested that an appeal be filed, and of

not consulting with Petitioner with respect to an appeal;  (2) ineffective assistance of counsel on

account of counsel for Petitioner not having investigated the facts and the law and on account of

counsel for Petitioner having been ineffective in advising Petitioner to stipulate to a four level

enhancement; (3) ineffective assistance of counsel on account of counsel not having requested a

departure or variance under the sentencing guidelines because of Petitioner's medical issues,

background and upbringing. Petitioner also filed a Motion to Submit Supplemental Evidence in

Support of Motion filed under 18 U.S.C § 2255 which the Court GRANTS and has considered.

The Government has responded to the Motion, Petitioner has filed a reply (Traverse) to the

Government=s response, and the Motion is ripe for resolution.  The Court has reviewed the

current pleadings and the entire file relative to the present Motion, including the underlying

criminal case file, and the Judgment issued by this Court.  For the reasons stated hereinafter, the

Motion must be denied, in part, with respect to Petitioner's second and third claims. The Motion is reserved, pending a hearing thereon, with respect to the first claim.

On March 31, 2009 Petitioner waived indictment and pled guilty to a two count Information charging him with bank fraud, in violation of 18 U.S.C. § 1344 and aggravated identify theft, in violation of 18 U.S.C. § 1028A. As part of the plea agreement both Petitioner and the government waived their rights to appeal from any sentences within the guideline range as to count one (an offense level of 20 and the criminal history category VI determined at the sentencing hearing [70-87months], and as to count two the mandatory 24-month consecutive sentence. Following the preparation, filing and consideration of the presentence report, the Court conducted a sentencing hearing on September 14, 2009 and issued a judgment on September 17, 20009-- sentencing Petitioner to [a] within guideline sentence of 87 months as to the bank fraud count [and] to the statutory (mandatory) consecutive 24 months sentence as to the aggravated theft count. No appeal was filed.

II.

Petitioner claims to be the victim of ineffective assistance of counsel. In order to prevail on his claim for ineffective assistance of counsel, Petitioner must demonstrate that his counsel=s representation fell below an objective standard of reasonableness (the performance component), and there is a reasonable probability that, but for counsel's ineffectiveness, the result of the case or his fate would have been different (the prejudice component). *Strickland v. Washington*, 466 U.S. 668 (l984), is the well known case which sets forth the standard.

With respect to claim one where Petitioner asserts that despite the waiver of his right to appeal as agreed upon in the plea agreement, Petitioner claims that he clearly represented to his counsel that he wanted to appeal and that his counsel did not appeal nor consult with him about

an appeal. From the present record alone, the Court is unable to adequately determine whether the allegations set forth in claim one have been established. Accordingly, the Court will schedule a hearing on this claim and will appoint an attorney to assist Petitioner with his assertion that counsel for Petitioner rendered ineffective assistance of counsel by not filing the requested appeal, and by not consulting with Petitioner with reference to an appeal.

III.

Next, Petitioner posits that he was denied the effective assistance of counsel on account of counsel failing to investigate the facts and law before advising Petitioner to stipulate as to a four (4) level enhancement. Preliminarily, the Court finds the claim of a failure to investigate the facts and the law to be nothing more than bald allegations with nothing specifically, factually or meaningfully presented in support of this allegation. The likely driving force behind the Court's determination that this second claim constitutes general and bald allegations is the 23 page transcript of the March 31, 2009 Guilty Plea included with the government's response and which, the Court determines, clearly establishes that Petitioner made a knowing, voluntary, and understanding decision to plead guilty after having been advised of his constitutional rights. As set forth in the transcript of the rule 11 (plea) proceeding, the Court carefully and thoroughly went over with Petitioner each paragraph contained in the plea agreement.

The transcript reflects that the Court reviewed with Petitioner: the two counts and the elements and proof required of the government on the counts; the constitutional rights which Petitioner enjoyed (including the right to appeal) and which rights Petitioner was waiving; the maximum punishment of the two offenses, and in particular, the mandatory 24 month as to count two which was to run consecutive to his sentence as to count one; and the guideline factors including the final adjusted offense level calculated at 20 as stipulated in the plea agreement and,

ultimately, determined by the Court to be applicable. The plea hearing transcript further reflects that Petitioner acknowledged the truth of the stipulated facts and agreed that he participated in a fraud scheme involving several financial institutions, and further agreed that he compromised the identities of over 50 victims. Finally, Petitioner acknowledged that he was satisfied with the services of his counsel, that his counsel had shared the government's evidence with him, that his attorney had done everything he asked of him, and that Petitioner had no complaints about the representation of his counsel.

Moreover, the record before the Court reflects a mound of evidence pointing to Petitioner's guilt. Petitioner entered a guilty plea and stipulated to the guideline factors which the Court believes were amply supported by the facts and circumstances surrounding the criminal case. The Court finds that there is nothing in the record suggesting that the counsel was derelict in his performance as counsel. Even if there was a performance derelict, there has been no showing that Petitioner suffered any prejudice as a result thereof. Claim two, therefore, is devoid of merit.

IV.

Finally, Petitioner claims that he is a victim of ineffective assistance of counsel on account of the failure of his counsel to request a downward departure because of his serious medical condition. This claim need not detain the Court very long. The Court was made aware of Petitioner's medical condition as early as March 31, 2009--the date of the plea when Petitioner advised the court that he had a liver condition, Hepatitis C, genotype 1-A and was seeking treatment. (Transcript page 6). Moreover, prior to sentencing, counsel for Petitioner filed a sentencing memorandum. In the Memorandum and in connection with discussing the 18 U.S.C

§ 3553 factors, counsel referred to Petitioner's health problems. (See paper 36-1, page 4).

Additionally, counsel for Petitioner did, in fact, argue at the sentencing for a variant sentence of 60 months as to count one based upon Petitioner's serious health issues, his upbringing and the sentence given to his co-defendant. (See sentencing transcript, pages 7-12). In addressing the request for a departure, the Court stated that Petitioner used over twenty-five aliases, eight different birth dates and social security numbers, four different state I.D.'s, victimized at least 50 persons and had a record of "hustling" spanning 41 years. (Sentencing transcript pages 19-21) In short, the Court considered Petitioner's medical and health issues, and considered counsel's request for a sentence below the guideline sentence but [in its discretion] the Court rejected the request. The Court believes that counsel provided solid legal representation to Petitioner who, in this instance, faced numerous charges and who presented, quite candidly, among one of the worst criminal records (criminal history category of VI), this Court has seen. Claim three, therefore, must be rejected.


V.

In short, the Court has reviewed the entire record, including the criminal proceedings as well as the pleadings and record with respect to the instant Motion, and concludes that Petitioner has not demonstrated any constitutional ineffectiveness under the *Strickland* test to warrant relief from the conviction and sentence. Petitioner simply makes bald allegations of ineffectiveness with no factual support. The inescapable conclusion the Court reaches is that there is no evidence of a performance deficiency. Nor is there anything demonstrating prejudice sustained by Petitioner even if the Court could find deficiencies in performance.

Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence is DENIED, in part

with respect to claims two and three.  The resolution of the issues associated with claim one, is

DEFERRED, pending a hearing.  A separate order will issue.




 March 25, 2011                            _____//s//_____
       Date                                            Alexander Williams, Jr.
                                                       United States District Judge